*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TANISHA NACOLE CAMPBELL,

Plaintiff-Appellee,

v

BRYAN CAMPBELL,

Defendant-Appellant.

UNPUBLISHED
October 19, 2023

No. 361445
Oakland Family Division
LC No. 2017-859334-DM

Before: CAVANAGH, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right an order awarding $3,595.80 in costs and attorney's fees to plaintiff. The trial court determined that defendant had failed to comply with the divorce judgment and a subsequent order to remove plaintiff's name from the parties' mortgage within three years of their divorce, causing plaintiff to incur attorney fees. We affirm.

## I. BACKGROUND

Defendant was awarded the marital home in the parties' October 4, 2018 divorce judgment. The judgment provided that defendant "shall make a good faith effort to refinance the former marital home to remove Plaintiff's name from the mortgage within three (3) years of entry of this Judgment of Divorce," and authorized plaintiff to seek relief if "Defendant is in default for two (2) consecutive months of the mortgage payments," or had not removed plaintiff's name within three years.

Plaintiff filed several motions in 2021 seeking to force the sale of the marital home. She filed the first motion in June 2021 alleging that defendant had not been making payments and had not taken her name off of the mortgage. The trial court denied the motion, holding that there was "no showing that Defendant has been in default with respect to the mortgage payments[.]" In August 2021, plaintiff filed a second motion. The court denied plaintiff's motion to sell the home, but ordered defendant to "take all necessary steps to have Plaintiff's name removed from the mortgage forthwith." In September 2021, plaintiff once again moved for the sale of the property because defendant had not taken steps to remove plaintiff's name from the mortgage, even though the payments had become current. Plaintiff also requested an award of costs and attorney's fees

incurred as a result of defendant's failure to comply with the court orders to take steps to have plaintiff removed from the mortgage. The court granted plaintiff's motion, stating that plaintiff may list the home for sale if defendant had not provided plaintiff "with conclusive proof that Plaintiff has been released from liability on the mortgage by 11:59 p.m. on October 4, 2021," and awarded $1,500 in attorney fees to plaintiff.

On October 12, 2021, plaintiff filed a motion requesting an order to sell the marital home because defendant had not removed her name from the title and she had not received "conclusive proof" that she had been released from liability on the mortgage. Defendant produced an unsigned September 28, 2021 letter purportedly from U.S. Bank Home Mortgage, the mortgagee, stating that defendant had assumed the mortgage and plaintiff was "removed and released from all liability." The trial court agreed with plaintiff that the unsigned letter was not conclusive proof. The trial court set the matter for an evidentiary hearing for defendant to demonstrate that plaintiff was released from the mortgage. But the evidentiary hearing was subsequently adjourned without a date at the parties' request.

In January 2022, plaintiff filed another motion to address the issue, and requested attorney's fees. Plaintiff argued that her credit report still reflected that she was responsible for the mortgage, and defendant's machinations to date had not resulted in relief for plaintiff. Defendant maintained that he had shown that plaintiff's name was removed from the mortgage, and that he had "notified all banks and agencies that he is able to regarding the removal of Plaintiff's name and updating her credit report." Defendant argued that he was not responsible for errant credit reports. Defendant produced a letter from US Bank stating that "an assumption was previously completed in September 2021 to remove [plaintiff] from the above referenced loan[,]" and that on January 19, 2022, "it was verified that all the credit reporting agencies show that reporting for the previous co-mortgagor has been terminated with assumption remarks."

The court concluded that defendant had sufficiently complied with the order to remove plaintiff's name from the mortgage and declined to take further action regarding the mortgage. But the court granted plaintiff's request for costs and attorney fees. The court ordered plaintiff to "file a bill of particulars regarding the attorney fees and costs incurred after entry of the September 22, 2021 order." Defendant was afforded 10 days to file any objections to the bill of particulars. Plaintiff's bill of particulars itemized costs and attorney's fees incurred from September 22, 2021, through January 31, 2022, totaling $3,595.80.

Defendant filed a motion for reconsideration of the court's order, but did not file any objections to plaintiff's bill of particulars. The court denied defendant's motion for reconsideration, stating that its award of costs and attorney's fees to plaintiff under MCR 3.206(D)(2)(b) was "based on Defendant's failure to timely comply with the judgment and subsequent orders, which required Plaintiff to incur attorney fees and costs." After reviewing the relevant factors and finding no basis for an adjustment in the requested fees, the court awarded plaintiff costs and attorney's fees in the amount of $3,595.80. Defendant now appeals.

## II. ANALYSIS

Defendant argues that plaintiff did not demonstrate to the trial court that he failed to follow a court order and thus the trial court erred by awarding plaintiff attorney's fees. We disagree.

-2-

We review a trial court's decision to award attorney fees in a divorce action for an abuse of discretion, but review attendant factual findings for clear error. *Ewald v Ewald*, 292 Mich App 706, 724-725; 810 NW2d 396 (2011). "The trial court abuses its discretion when its decision results in an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 724-725.

Generally, attorney fees are not recoverable from a losing party as costs "in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *In re KMN*, 309 Mich App 274, 294; 870 NW2d 75 (2015). However, a party to a divorce action may ask the trial court to order the opposing party to pay all or part of the party's attorney fees by operation of MCR 3.206(D)(1).[1] *Woodington v Shokoohi*, 288 Mich App 352, 369-370; 792 NW2d 63 (2010). An award of attorney fees is authorized when "the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply . . . ." MCR 3.206(D)(2)(b). The party requesting the attorney fees has the burden of showing facts sufficient to justify the award. *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007).

We conclude that the record evidence in this case supports the trial court's finding that defendant violated the divorce judgment by not timely removing plaintiff's name from the mortgage and thus caused plaintiff to incur attorney fees. The October 4, 2018 judgment set a three-year period for the removal of plaintiff from the mortgage. On September 27, 2021, the court ordered defendant to submit conclusive proof that plaintiff had been removed from the mortgage by October 4, 2021. Defendant produced an unsigned September 28, 2021 letter from US Bank stating that defendant had assumed the mortgage plaintiff was "removed and released from all liability." But the court agreed with plaintiff that the letter was not conclusive proof that plaintiff had been removed from the mortgage. On October 20, 2021, the court ordered defendant to prove the contention set forth in the letter with proper documentation or testimony. Defendant did not present sufficient evidence until January 2022. Accordingly, we find that the court's order awarding plaintiff her costs and attorney's fees incurred from September 2021 through January 2022 was within the range of reasonable and principled outcomes.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Sima G. Patel

---

[1] "A party [to a domestic relations action] may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding." MCR 3.206(D)(1).